UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **LLOYD N. FULLER, JR.,** )<br>)<br>**Petitioner** )<br>)<br>v. )<br>)<br>**JOHN R. VANNATTA,** )<br>)<br>**Respondent** ) | No. 3:05cv0697 AS |

*MEMORANDUM OPINION AND ORDER*

On or about October 26, 2005, *pro se* petitioner, Lloyd N. Fuller, Jr., an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on April 19, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on May 11, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding. The jurisdictional event was a deprivation of 60 days earned time credit which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There was also disciplinary segregation under the rubric of *Sandin v. Conner*, 515 U.S. 472 (1995). The demotion in credit class comes within the ambit of *Wolff*.

According to the papers in this case, there were three proceedings taken up in

November 2004 at the MCF designated as MCF 04-11-0493, MCF 04-11-0516, and MCF 04-11-0517. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).

To the extent that Indiana Code 11-11-5-5(a)(1)-(10) is a mere image of the due process clause of the Fourteenth Amendment of the Constitution of the United States, this petitioner might have something to talk about. However, it has been explicitly ruled in this court and in this circuit that the Sixth Amendment right to confront and cross examine witnesses is not a part of this process under *Wolff*. There must be exhaustion of state remedies here under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), as well as *Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002). The opportunity to call witnesses has long since been enunciated by Judge Bauer in *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993). With regard to witnesses, however, the request must be timely made

and there is no right to witnesses that give a relevant and repetitive testimony. *See Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002).

Generally, the so-called provisions of ADP are considered to be state law under *Estelle*. For the specifics of this, *see Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court does not bottom any decision here on the basis of so-called harmless error. Generally under *Wolff*, there is no right to counsel, meaning generally a lawyer, in this proceeding. This does not preclude a CAB from permitting the presence of a lawyer, but that is generally not done. There is a provision for certain *pro se* petitioners to have the assistance of a lay advocate, but again, that is not an absolute constitutional right under *Wolff*. *See also Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992).

To cut to the chase, it does not appear from the record in this case that this petitioner had an absolute right to a lay advocate. The sentencing certainly must be examined under the basic mandates of the due process clause of the Fourteenth Amendment as well as under *Wolff*. Generally the Eighth Amendment of the Constitution of the United States is not implicated in the sanctions of a CAB in this species of proceeding.

Apparently this petitioner is trying to make some kind of a Fourth Amendment argument here with regard to his treatment by attempting to argue about the process of handcuffing him behind his back. It is very doubtful that will fly. Generally, the Fourth Amendment of the Constitution of the United States is not applicable in the prison context in regard to searches and so-called arrest. Generally, the excessive conduct of correctional

officers is litigated under the due process clause and not the Eighth Amendment. There is no question it is the preponderance of evidence test which governs these proceedings. *See Rowold v. McBride*, 973 F.Supp. 829, 834 (N.D. Ind. 1997), and *Hundly v. McBride*, 908 F.Supp. 601 (N.D. Ind. 1995).

The Attorney General has placed before this Court a series of documents designated A through GG2, both inclusive, which explicate in great detail the proceedings involved. To a very large extent, the handwritten Traverse and Rebuttal of the petitioner is quite cogent and sets out in very considerable detail his precise arguments. This belies any need for a lay advocate. Fundamentally he is rearguing the facts and contending that the CAB simply got it wrong. Within the context of the special kind of due process enunciated in *Wolff*, questions of weight of evidence and credibility of witnesses are largely confined to the CAB who has the first opportunity to see and hear the petitioner and witnesses. Taking that into account and taking the totality of the procedures used in these three prisoner disciplinary procedures, this petitioner is hard pressed to make a constitutional issue and provide a basis for relief under 28 U.S.C. §2254.

After careful consideration of the record, this court respectfully declines to grant relief under 28 U.S.C. §2254, and such is now **DENIED. IT IS SO ORDERED**.

**DATED:** May 24, 2006

                                               **S/ ALLEN SHARP**
                                               **ALLEN SHARP, JUDGE**
                                               **UNITED STATES DISTRICT COURT**